## MARSTELLER, ADMINISTRATOR, v. CRAPP.

62　359
159　549

SUPREME COURT.— *Verdict Unsustained by Evidence.— Excessive Damages.—* Where, on appeal to the Supreme Court, from uncontradicted evidence in the record, the damages allowed by the verdict of a jury clearly appear to be excessive, such verdict can not stand.

INTEREST.—*Action on Account.—Delay.—Instruction.—*Where, in an action on account, neither interest nor general relief is demanded, and there is no evidence showing unreasonable delay in payment, it is error to instruct the jury that interest may be allowed.

From the Tippecanoe Circuit Court.

*M. Jones* and *J. L. Miller,* for appellant.

*J. R. Carnahan* and *R. C. Gregory,* for appellee.

NIBLACK, J.—This action was based upon an account as follows :

" Nicholas Marsteller, administrator of the estate of Andrew J. Morley, deceased,　　　　1876.

To Thomas S. Crapp,　　　　Dr.

January 15th, 1873, to 1,200 p'rs of ends for carpet dusters ....................................................$ 240.00

March, 1874, to 2,300 carpet dusters at 80c......... 1,840.00

June, 1874, to office building.......................... 35.00

January 22d, 1875, to balance on settlement on
church ........................................ 77.00

September, 1875, to 72 brushes at 14c................. 10.08

" Total................................................$2,202.08."

The defendant answered :

1.   In general denial;

2.   Payment;

3.   Settlement and payment.

The plaintiff replied in denial.

Upon the trial a jury returned a verdict for the plaintiff for one thousand dollars, and, over a motion for a new trial, challenging the sufficiency of the evidence and some of the instructions given by the court, judgment was rendered upon the verdict against the defendant, payable out of the assets in his hands as administrator, as above stated.

Although both the plaintiff and defendant, together with several other witnesses, testified on the trial, none of them gave a detailed statement of the transactions between the plaintiff and Morley, the decedent, concerning the several items and subjects embraced in the plaintiff's account.

The testimony comes to us, therefore, in a somewhat fragmentary form, and we have much difficulty in making a satisfactory application of some portions of it to the matters seemingly in controversy between the parties. So far as we are able to judge from the evidence the plaintiff's account embraced all items of indebtedness which he claimed to have held against the decedent during the time covered by the account.

The plaintiff in his testimony showed that he had received from the decedent, on the 5th day of January, 1874, $170.79.

Marsteller, the defendant, testified, that, on the 21st day

Marsteller, Administrator, *v.* Crapp.

of January, 1874, the decedent paid the plaintiff, in a settlement, $580.00; that the decedent, on the 22d day of January, 1875, in another settlement, paid the plaintiff the further sum of $750.00. These last two payments were not denied by the plaintiff in his testimony.

In this condition of the evidence, we are at a loss to understand upon what theory the jury found so large a verdict in favor of the plaintiff. We think the evidence, whether considered as a whole, or in its separate parts, does not fairly tend to sustain the verdict for so large a sum.

The court, amongst other things, instructed the jury, that, "If you find for the plaintiff, you have the right, if there has been unreasonable [delay] in payment, to allow the plaintiff interest on his claim."

In the first place, as has been seen, there was no charge or claim in the plaintiff's account for interest, nor any general demand which would cover interest.

In the next place there was, in our estimation, no evidence tending to show an unreasonable delay of payment under all the circumstances.

The evidence tended rather to show such an unsettled and uncertain condition of the accounts between the plaintiff and the decedent's estate as made a resort to legal proceedings on the part of the defendant a proper method for their adjustment.

We are, consequently, of the opinion, that the instruction above quoted, although correct as an abstract rule of law, was not applicable either to the issues or the evidence in the cause, and hence may have misled the jury.

In our judgment, the court below erred in overruling the defendant's motion for a new trial.

The judgment is reversed, at the costs of the appellee, and the cause remanded for a new trial.