## CITY OF HUNTINGTON *v.* STUVER.
### [No. 6,112.   Filed January 31, 1908.]

1. PLEADING.—*Complaint.*—*Municipal Corporations.*—*Negligence.*—*Defective Sidewalks.*—A complaint alleging that defendant city suffered and permitted the boards in a sidewalk to become loose and removed, thereby causing the plaintiff, who was traveling thereon in the darkness, to stumble and injure himself, states a cause of action.   p. 172.

2. SAME.—*Complaint.*—*Allegations.*—A complaint stating, although awkwardly, all of the facts necessary to constitute a cause of action, is sufficient, where a person of common understanding would know what was intended.   p. 173.

3. SAME.—*Complaint.*—*Motion to Make More Specific.*—*Negligence.*—*Defective Sidewalks.*—A motion to make more specific is the remedy, where a complaint for injuries caused by a defective sidewalk fails to show (1) on which side of the street such sidewalk was located, and (2) the particular spot where plaintiff was injured.   p. 173.

4. SAME.—*Complaint.*—*Cities.*—*Defective Sidewalks.*—*Location of Accident.*—A complaint alleging that defendant city maintained a defective board sidewalk with loose planks thereon and openings therein, and that plaintiff in the night stepped "into an opening in said walk, caused by the boards' being removed or slipped aside," sufficiently shows that plaintiff was injured at the place where the defect existed.   p. 174.

5. SAME.—*Complaint.*—*Defective Sidewalks.*—*Notice to City.*—A complaint alleging that defendant city "suffered and permitted said sidewalk to become out of repair and dangerous," and that such city "had notice and knowledge of such dangerous condition * * * but negligently suffered and permitted the same to be and remain in a dangerous condition," shows that the defect existed prior to the plaintiff's injury, and that the city had notice thereof.   p. 174.

6. MUNICIPAL CORPORATIONS.—*Sidewalks.*—*Duty in Reference to.*—Municipal corporations are under the continuing duty of using ordinary care to keep their sidewalks in a safe condition.   p. 174.

7. TRIAL.—*Question for Jury.*—*Reasonable Time for Repairing Defective Sidewalk.*—What is a reasonable time within which a city, after obtaining knowledge of a defect in its sidewalk, should repair same, is a question for the jury.   p. 175.

From Huntington Circuit Court; *James C. Branyan*, Judge.

Action by Edward Stuver against the City of Huntington. From a judgment for plaintiff defendant appeals. *Affirmed.*

*W. A. Branyan*, for appellant.

*R. A. Kaufman* and *C. W. Watkins*, for appellee.

MYERS, J.—Appellee sued appellant for damages for personal injuries, alleged to have been caused by appellant's negligent failure to keep in repair one of its sidewalks. The complaint was in one paragraph, to which a demurrer for want of facts was addressed and overruled. Answer in denial, trial by jury, and verdict for $375. Appellant's motion for a new trial was overruled, and judgment rendered on the verdict.

The sufficiency of the complaint to withstand a demurrer for want of facts is the only question presented.

It appears from the complaint that Cline street is a public thoroughfare within the limits of appellant corporation; that it was used by the public; that on and prior to January 22, 1905, for the purpose of public travel, board walks were placed along the south end of said street, which walks were under the control of the city; that appellant "suffered and permitted said sidewalk to become out of repair and dangerous for travel thereon, and had suffered some of the boards to become loose and to be removed along said walk;" that appellant "had notice and knowledge of such dangerous condition of said walk, and neglected to have the same repaired, but negligently suffered and permitted the same to be and remain in a dangerous condition, with boards loose and removed;" that after dark, on said January 22, appellee, while passing along said street, "stepped into an opening in said walk, caused by the boards' being removed or slipped aside, caus-

ing him to fall in such a manner as to break one of the bones of his left leg and dislocate his ankle;   *   *   *   that his said injury was caused wholly by the carelessness and neglect of said defendant in permitting said walk to be and remain in a dangerous condition and out of repair, and wholly without any fault on the part of this plaintiff.''

While this complaint seems to be carelessly drawn, we can not say that it does not state facts sufficient to require an answer or to enable a person of common understanding to know what was intended. §343 Burns 1908, §338 R. S. 1881. While certainty in pleading is still required (*Speeder Cycle Co.* v. *Teeter* [1897], 18 Ind. App. 474), an awkwardly stated fact will be given its full intendment, and if the pleading is defective such defect must be one affecting the substantial rights of the adverse party, as, for instance, the omission of a fact, proof of which is necessary to sustain the action, otherwise the defect is one of form, and harmless error. Elliott, App. Proc., §640; §407 Burns 1908, §398 R. S. 1881.

*City of Indianapolis* v. *Cauley* (1905), 164 Ind. 304, was an action by Cauley against the city of Indianapolis and another to recover damages for personal injuries by reason of the fall of a certain bridge over White river, alleged to have been caused by the negligence of appellants, and it was there held ''that in cases of this class a general charge of negligence is sufficient to withstand a demurrer. Here it is charged that the city negligently permitted the bridge to get out of repair and dangerous for traffic, and, 'well knowing said bridge was out of repair and dangerous for traffic, negligently suffered the same to remain out of repair, and negligently suffered it to be used by the street-car company and the public for travel.' These allegations are clearly sufficient under the rule.'' The court also held that had the defendant desired and had it been entitled to more specific information ''it had an ample remedy

by motion.'' Under this authority appellant's remedy in the case at bar to obtain information in regard to which side of the street the defect in the sidewalk was on, and the particular place in the sidewalk where appellee fell and was injured, was by motion to make the complaint more specific.

Appellant also insists that the complaint does not allege that appellee was injured at the place where the walk was dangerous and out of repair. With this contention we cannot agree, for, in our judgment, the allegations of the complaint clearly show the contrary.

It is not directly and positively alleged when the walk became dangerous and out of repair, or the exact time when appellant became possessed of this knowledge, but it is alleged that appellant suffered and permitted the walk to become out of repair and dangerous for travel, and had notice and knowledge of this condition, and neglected to have the same repaired, but negligently suffered and permitted the same to remain in a dangerous condition. This language clearly shows that the walk was in a dangerous condition prior to January 22, the day of the accident, for unless it had prior to that time become in a dangerous condition, it could not be said to remain or continue in a condition which did not previously exist. Therefore, giving the language of the complaint its full meaning, the sidewalk must be said to have been out of repair and dangerous for travel, to the knowledge of appellant, for a time, at least, prior to the accident. The rule is, that a city must keep its sidewalks in reasonably safe condition for persons lawfully using them. *City of Delphi* v. *Lowery* (1891), 74 Ind. 520, 39 Am. Rep. 98; *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 66 L. R. A. 119. And, in case such walk should become defective and dangerous, the city must exercise reasonable care and diligence to repair the same, or to prevent injury after knowledge of the dangerous defect, or after it ought to have known of it in the exercise of reasonable care and diligence. Where the complaint shows a

defective and dangerous condition of the street, to the knowledge of the city, prior to an accident alleged to have been caused by the city's negligence in failing to repair such defect, the question of time after receiving such knowledge within which to remedy such dangerous condition may be one of fact for the jury. The allegations of this complaint in regard to the time the sidewalk was out of repair, and when appellant received knowledge of such defects prior to the date of the accident, presented questions to be submitted to the jury under instructions from the court, on the theory that it should appear that the city had a reasonable time to remedy the defect and make the way safe or take steps to prevent the injury after obtaining knowledge of the condition of the walk before it can be said to be liable in damages.

Judgment affirmed.