# INDEPENDENT FIVE AND TEN CENT STORES OF NEW YORK v. EARLES.

### [No. 8,370. Filed November 19, 1914.]

1. PRINCIPAL AND AGENT.—*Contract of Employment.—Amount of Compensation.—Debits and Credits.*—Under a contract whereby plaintiff was employed as manager of one of defendant's chain of stores for one year at a compensation of twenty per cent of the net profits, obtained by deducting the total debits from the total credits, certain discounts to which defendant would have been entitled had it paid for goods within certain times, can not be considered as a part of the total credits in determining the amount due plaintiff, in the absence of evidence to show that the payments were so made or that the discounts were so received. p. 244.

2. PRINCIPAL AND AGENT.—*Contract of Employment.—Amount of Compensation.—Debits and Credits.*—Under a contract whereby plaintiff was employed as manager of one of defendant's chain of stores for one year at a compensation of twenty per cent of the net profits, obtained by deducting the total debits from the total credits, defendant was entitled to have one-sixth of a $3,000

bonus paid by defendant to a previous tenant for a six-year lease on the premises occupied by it, as well as a proportionate part of its general office expense, included as debits, in determining the amount of compensation due plaintiff.    p. 244.

3. APPEAL.—*Review.—Presumptions in Support of Verdict.*—In an action by the manager of one of defendant's chain of stores to recover his compensation under a contract providing that he should be paid twenty per cent of the net profits, where there was evidence to warrant the jury in excluding certain commission charges, and in deducting certain profits, in arriving at the sum total of expenses of defendant's general office, the court on appeal will assume, in so far as it is necessary in order that the verdict may be sustained, that such items were so excluded and deducted. p. 246.

4. INTEREST.—*Recovery on Contract.—Delay in Payment.*—Where there has been long and unreasonable delay in the payment of compensation due for services rendered under a contract, interest may be added thereto at the rate of six per cent per anuum from the time that it was due.    p. 246.

5. INTEREST.—*Jury Question.—Unreasonable Delay in Payment of Debt.*—The determination of what constitutes unreasonable and vexatious delay in the payment of a debt, so as to entitle plaintiff to interest, depends to some extent upon the circumstances of the particular case, and is generally a question of fact for the jury.    p. 247.

6. INTEREST.—*Unreasonable Delay.—Evidence.*—In an action for compensation for services under a contract providing that plaintiff was to have twenty per cent of the net profits of his employer's business for the year, where there was evidence showing that plaintiff made frequent requests for a statement of the business, which defendant failed to furnish, and that defendant shortly before the action was commenced denied that anything was due plaintiff, an instruction authorizing the jury to award interest, if it found that there was unreasonable delay in the payment of any amount due, was warranted.  p. 247.

7. WORK AND LABOR.—*Action on Quantum Meruit.—Recovery of Interest.*—In an employe's action to recover compensation for services rendered in the management of a store, the fact that the action was in part based on the *quantum meruit* did not exclude his right to recover interest on the amount found due.  p. 247.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Action by Fred E. Earles against the Independent Five and Ten Cent Stores of New York.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Andrew Anderson, Samuel Parker, Will G. Crabill* and
*S. J. Crumpacker,* for appellant.

*Slick & Slick,* for appellee.

CALDWELL, J.—Appellant was the owner and proprietor
of a number of stores, including one located at South Bend,
all of which were under the supervision of appellant's New
York office. Appellee brought this action to recover com-
pensation for his services as manager of the South Bend
store, from April 1, 1909, to February 7, 1911. The first,
second and fourth paragraphs of complaint declare on a
written contract. The third paragraph is based on the
*quantum meruit.* By the first and fourth paragraphs, ap-
pellee seeks recovery for 1910; by the second, for 1909,
after April 1, and by the third paragraph for the entire
period from April 1, 1909, to February 7, 1911. Said writ-
ten contract is to the effect that thereby appellant employed
appellee as manager of the South Bend enterprise, for the
term of one year, commencing January 1, 1910, the measure
of his compensation to be twenty per cent of the net prof-
its of said store, guaranteed by appellant not to be less than
$1,200 per year, payable at the close of the fiscal year, of
which appellant was authorized to draw $18 per week as liv-
ing expenses. Appellant answered each paragraph of com-
plaint by general denial and plea of payment. In addition,
appellant, in answer to the third paragraph, set up the writ-
ten contract, with appropriate averments, and alleged also
that appellee's share of the net profits for the entire period,
measured by said twenty per cent, amounted to $1,556.34;
that he had been paid $936, and that there was due him
$620.34 and no more.

A trial by jury resulted in a general verdict for appellee,
returned on December 19, 1911, in the sum of $1,262.50,
for which judgment was entered. The questions presented
arise under appellant's motion for a new trial. It is urged
that certain items not shown by the evidence, were evidently
accepted by the jury in appellee's favor, while others tend-

ing to reduce appellee's claim were apparently rejected by the jury, although proven by uncontradicted evidence, and that as a consequence, the amount of the verdict and judgment is too large.

It is conceded that appellee had been fully paid for his services performed in the year 1909. It is conceded also that for services performed in the year 1911, appellee is entitled to recover on the *quantum meruit*, and that the evidence showed the value of his services performed in said year up to February 7, when he terminated his employment, to be $50 per week, or a total of approximately $275.

The real controversy then is respecting the recovery for services performed in 1910. It is conceded that for that year, the written contract controls. The parties

1. agree that for said year the net profits of the store are obtained by deducting the total debits from the total credits. There was evidence that the total credits for the year amounted to $85,564.93 and the total debits to $72,406.70, and the consequent net profits to $13,158.23. Appellant contends, however, that certain discounts in the sum of $979.11, to which appellant would have been entitled had it made payment within certain times for goods purchased by it, enter into the total credits, but that the evidence failed to show that payment was so made, or that the discounts were so received. Appellant is correct in such contention. Appellant argues also that in addition

2. to a certain specified rental for the storeroom occupied by it at South Bend, the uncontradicted evidence showed that by the rental contract, it was required to pay and did pay a previous tenant a *bonus* of $3,000 for a six-year lease, and that $500 of said sum should be charged as expense as against the year 1910, and that this sum is not included in the total debit for 1910. Appellant is correct also in this contention. The evidence showed without contradiction that appellant maintained at New York an office and wareroom, the whole business transacted in which, per-

tained to the management of the chain of stores. Each of
the stores reported periodically to the office, and the book-
keeping for the most part was performed there. Requisi-
tions for goods were made on the office, and from it goods
were ordered or distributed to the various stores. Connected
with the office was a general manager of all the stores, and
a purchasing agent who attended to the purchasing of the
goods so distributed. Appellant contends that the expense
of maintaining the central office should be apportioned
among all the stores. At the time when appellee so entered
appellant's employ, and when he made the contract, he was
fully informed respecting the manner in which the business
was conducted. We agree with appellant that the expenses
should be so apportioned. On the assumption that they
should be so apportioned, the parties agree that there should
be assigned to the South Bend store such a percentage of
the total expense of said office as the sales of the store are
of the sales of the entire chain of stores for the year 1910.
There was evidence that the total expense of conducting the
New York office for the year amounted to $25,799.19. It is
conceded that certain interest charges included in the sum,
and amounting to $803.57 were properly excluded by the
trial court. The evidence showed that certain commission
charges in the respective sums of $491.80, $724.50 and
$297.24 were included in the total expense, but the evidence
is not clear that the commissions were paid on account of
business transacted in 1910. It is conceded also that cer-
tain profits in the sum of $4,488.89 were realized by the
New York office for the year, and that the profits were not
taken into account in estimating the business of the year.
Appellee contends that the commission charges and the prof-
its should be excluded from the total expense. Appellant
contends, however, that the item of profits should not be de-
ducted, for the reason that in taking the account of the New
York office, nothing was allowed for depreciation in the
value of the fixtures of the various stores. Considering the

situation as a whole, there was evidence from which
3. the jury would have been warranted in excluding the
commission charges, and also in deducting the profits in arriving at the sum total of the New York office expenses, and to the extent that it is necessary in order that the verdict may be sustained, we are bound to assume that it did so. Restating the New York expense account, as herein indicated, its total is $18,993.19. The total sales of the chain of stores for 1910 were $614,266.44. The total sales of the South Bend store amounted to $69,067.82. Under the rule above announced, $2,135.57 of the New York office expense must be assigned to the South Bend store. Restating the total credits and debits of the store for 1910, as herein indicated, the total of the former is $84,585.82 and of the latter $75,042.27, the net profits being $9,543.55. Appellee's compensation for said year, under said contract, is measured by twenty per cent of said amount, or $1,908.71. There was evidence then from which the jury might have so fixed appellee's compensation for 1910. Appellee for said year was advanced at the rate of $18 per week, or a total of $938.57, leaving a balance due for 1910 of $970.14. It is conceded that there was due him for services performed in 1911, less payments made, the sum of $185. The extreme amount due him, under the evidence, exclusive of interest, is $1,155.14. Assuming that he should be allowed interest from the commencement of the action, the verdict should have been not exceeding $1,213.85. Being for $1,262.50, it is excessive by $48.65.

The question of whether appellee was entitled to recover interest is presented by a certain instruction given by the
court, wherein the jury was charged in substance
4. to add interest to any amount due the appellee at
the rate of six per cent per annum from the time said amount was due, providing the jury should find there had been long and unreasonable delay in the payment thereof. Abstractly considered, the instruction is correct. *Mar-*

*steller* v. *Crapp* (1878), 62 Ind. 359. Against that instruction it is urged that there was no evidence of long or unreasonable delay in making payment. In determining what constitutes unreasonable and vexatious delay in the payment of a debt each case must necessarily depend to some extent upon its own circumstances. 22 Cyc. 1499. Ordinarily, therefore, the question of whether there has been such unreasonable delay in payment is one of fact for the jury. *Rogers* v. *West* (1857), 9 Ind. 400.

There was evidence that appellee made frequent requests for a statement from the New York office of the business transacted in 1910, to be used as a basis of estimating the net profits, and evidence also that the statement was not furnished. In addition there was enough in the testimony of appellant's local cashier to justify the jury in believing that on one occasion shortly before the action was commenced, when appellee requested appellant's general manager to furnish such a statement, such general manager denied that appellant was indebted to appellee. The evidence warranted the giving of such instruction.

Further objection is made to the instruction to the effect that appellee's claim for services performed in 1911, being measured by the *quantum meruit* was unliquidated, and the argument is made that interest is not recoverable upon unliquidated debts. The fact that the action was in part based on the *quantum meruit* is not sufficient to exclude the right to recover interest. *New York, etc., R. Co.* v. *Roper* (1911), 176 Ind. 497, 96 N. E. 468, 36 L. R. A. (N. S.) 952; *Fell* v. *Union Pac. R. Co.* (1907), 28 L. R. A. (N. S.) 1, note.

The action of the court respecting certain other instructions is criticized, but in our judgment, there was no substantial error in the giving or refusing of said instructions. In our opinion, the ends of justice will be most nearly accomplished by treating the claim sued on as due at the commencement of the action, and allowing appellee interest on

the sum, which, under the view of the evidence most favorable to him, was at that time due him, and by permitting him at his election to remit from the sum the excess as hereinbefore indicated.

It is, therefore, ordered that if within twenty days, appellee shall file in this court a remittitur in the sum of $48.65, to be effective as of the date of the judgment below, the judgment will be affirmed for the residue, in the sum of $1,213.85; otherwise, the judgment will be reversed, with instructions to sustain the motion for a new trial; in either case, costs against the appellee.

PER CURIAM.—Since the decision of this case by this court, and within the time fixed in the opinion handed down November 19, 1914, conditionally affirming the judgment of the lower court, it has been made to appear to the satisfaction of this court that the condition on which said judgment was to be affirmed, to wit., that appellee should file in this court a remittitur in the sum of $48.65, to be effective as of the date of the judgment below, has been fully complied with. It is, therefore, ordered that the mandate heretofore made and entered by this court in said cause be, and the same is hereby modified in that the judgment of the court below in the sum of $1,213.85 is now unconditionally affirmed, with the costs against appellee.

NOTE.—Reported in 106 N. E. 730. As to *quantum meruit* under special contracts, see 19 Am. Dec. 272. See, also, under (1, 2) 31 Cyc. 1521; Agency 2 C. J. §446; (3) 3 Cyc. 313; (4) 22 Cyc. 1498; (5) 22 Cyc. 1579; (6) 22 Cyc. 1581; (7) 40 Cyc. 2851.