## KUHN ET AL. v. POWELL.

[No. 8,902. Filed February 23, 1916.]

1. NEW TRIAL.—*Motion.—Joint Specification of Error.—Effect.*— An assignment in a motion for new trial that "the court erred in giving instructions numbered one, two, three, four, five and six on its own motion", is joint as to the instructions named, and all the instructions must be bad in order that it may be available on appeal. p. 133.

2. APPEAL.—*Questions Presented.—Motion for New Trial.—Joint Specification.*—Where the specification in the motion for a new trial of error in the giving of instructions was joint, and unavailable because some of the instructions were conceded to be good, an assignment that the verdict is contrary to law predicated on the giving of alleged erroneous instructions, also presents no question. p. 133.

3. SALES.—*Action for Price.—Recovery of Interest.—Demand.— Evidence.*—In an action for the purchase price of corn sold and delivered, evidence showing that following delivery plaintiff called on defendant's manager for settlement of the account, and that plaintiff on being at variance with the amount conceded by such agent to be due, insisted that payment be made according to her own figures, constituted sufficient proof of demand to entitle her to recovery of interest on the amount due. p. 133.

4. INTEREST.—*Recovery.—Unliquidated Claim.*—Interest may be recovered on an unliquidated claim under some circumstances. p. 134.

5. SALES.—*Action for Price.—Recovery of Interest.*—A verdict for the selling price of corn plus interest was not subject to the objection that the amount of recovery was too large, on the theory that interest may not be collected on an unliquidated claim, where the amount of the claim rested in mere computation; since under such circumstances the claim was not unliquidated. p. 134.

6. SALES.—*Action for Price.—Recovery of Interest.—Pleading.— Failure to Demand Interest.*—In an action for the price of corn sold and delivered, a verdict for plaintiff including an award of interest will not be disturbed on appeal on the ground that interest was not demanded in the complaint, since the court will deem the complaint to have been amended to conform to the proof under the provisions of §700 Burns 1914, §658 R. S. 1881. p. 134.

From Knox Circuit Court; *Benjamin M. Willoughby*, Judge.

Action by Anna Powell against Paul Kuhn and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*S. M. Emison*, for appellants.
*C. B. Kessinger*, for appellee.

CALDWELL, J.—Appellee alleges in her complaint that appellants are indebted to her in the sum of $2,217.60, for 4,928 bushels of corn sold and delivered to them in the fall of 1912, at 45 cents per bushel. Prayer for judgment for $3,000 and general relief. Appellants answered, admitting the purchase and delivery of the corn, but alleging that the contract price was 40 cents per bushel, rather than 45 cents. By their answer they also admit that they are indebted to appellee in the sum of $1,971.20, for which amount they offer to confess judgment with costs added to the filing of the answer. A trial by jury resulted in a verdict and judgment in favor of appellee for $2,306.30.

The questions urged on this appeal arise under the motion for a new trial, and are in effect that the recovery is too large; insufficiency of the evidence; that the verdict is contrary to law, and alleged error in giving instructions. The parties apparently agree that the items entering into the verdict are the amount due on the corn at 45 cents per bushel, and interest on such amount in the sum of $88.70. The general verdict includes a finding by the jury that the contract price for the corn was 45 cents rather than 40 cents per bushel. There is evidence to sustain the verdict in this respect. We understand, however, from the briefs that all the questions urged upon our attention, including the insufficiency of the evidence, are directed to the sole query

of whether interest was properly allowed on the unpaid selling price of the corn. The assignment in the motion for a new trial, relating to the giving of instructions is in the following language: "The court erred in giving instructions numbered one, two, three, four, five and six on its own motion." Such assignment is joint as to the instructions named. It follows that all included in the assignment must be incorrect in order that the assignment may be available. Appellants in their brief attack only the fourth of those named, and thereby concede that the others are correct. The assignment therefore must fail. *Young* v. *Montgomery* (1903), 161 Ind. 68, 67 N. E. 684; *Chicago Furn. Co.* v. *Cronk* (1905), 35 Ind. App. 591, 74 N. E. 627. The assignment that the verdict is contrary to law is predicated by appellants on the giving of alleged erroneous instructions. It follows that this assignment also presents no question.

There remain for our consideration the question of whether the amount of the recovery is too large, which question is directed to the item of interest, conceded to be included in the verdict and the subsidiary question of whether the evidence is sufficient to sustain that element of the verdict. There was no express contract for the payment of interest. There is a statutory provision that "on * * * an account closed on the day an itemized bill shall have been rendered and payment demanded, * * * interest shall be allowed at the rate of six dollars a year on one hundred dollars." §7952 Burns 1914, §5200 R. S. 1881. It is argued that the evidence fails to show a demand of payment, and that as a consequence interest was not allowable. There was evidence that in the early fall of 1912, appellee contracted with

appellants through the manager of their elevator for the sale of her corn. Delivery pursuant to the sale was completed by December 1. About February 1, 1913, appellee called on appellants' manager for payment of the account. The parties agreed that the amount of corn sold and delivered was 4,928 bushels. The manager proceeded to figure the bill at 40 cents per bushel, amounting to $1,971.20, and signified his readiness to settle on that basis. Appellee figured it at 45 cents per bushel, amounting to $2,217.60, and insisted that payment be made accordingly. The effect of this evidence is that appellee presented her claim to appellants with a request that it be paid, and it is therefore sufficient as proof of a demand. 13 Cyc 777; *Brackenridge v. State* (1889), 27 Tex. App. 513, 11 S. W. 630, 4. 4 L. R. A. 360; *Penn Mut. Life Ins. Co. v. Maner* (1908), 101 Tex. 553, 109 S. W. 1084. It is urged also that the claim here was unliquidated, and that interest may not be charged or collected on an unliquidated account. That 5. interest may be recovered on an unliquidated claim under some circumstances, see *Independent, etc., Stores v. Earles* (1914), 57 Ind. App. 241, 106 N. E. 730, and cases cited. Moreover, the claim here was not unliquidated. The jury having ascertained the terms of the contract, the amount of the claim rested in mere computation. 39 Cyc 836 and cases.

It is argued also that as appellee by her complaint did not demand interest as a part of the relief sought, and as it contains no specific allegation 6. tion on that subject, appellee was not entitled to an allowance of interest on the amount of the claim found to be due and unpaid. In *Ross v. Smith* (1888), 113 Ind. 242, 15 N. E. 268, under facts practically identical with those presented here

in so far as concerns the matter now under discussion, an allowance of interest was approved. See, also, *Marsteller* v. *Crapp* (1878), 62 Ind. 359, 361. It would seem, however, that where interest is claimed by virtue of some statutory provision, or by reason of unreasonable delay in payment after the duty to pay arises, sound practice would require that facts be averred in the one case sufficient to bring the situation within the statute, and in the other facts showing the delay. Under such a rule, however, in the situation presented here, the complaint should be deemed to be amended to conform to the proof. §700 Burns 1914, §658 R. S. 1881; *Carpenter* v. *Sheldon* (1864), 22 Ind. 259. It is conceded here that the jury allowed interest from the time of the demand to the date of the verdict. Estimating the corn at 45 cents per bushel, and adding such interest, the amount thus arrived at is the same as the verdict. Appellee's claim was due at the time of the demand, and should then have been paid. Not only is she entitled to such interest under the statute, but it is equitable and just that she recover it. It follows that no error is presented. The judgment is affirmed.

NOTE.—Reported in 111 N. E. 639. As to power of court to amend verdict by adding interest, see 25 L. R. A. (N. S.) 311. As to right to interest on unliquidated damages, see 28 L. R. A. (N. S.) 1. See, also, under (1) 4 C. J. 981; 29 Cyc 949, 950; (2) 29 Cyc 951; (3) 22 Cyc 1550; (4) 22 Cyc 1513, 1514; (5) 22 Cyc 1513.