CLINE v. RODABAUGH ET AL.

[No. 14,185. Filed December 16, 1931. Rehearing denied April 7, 1932. Transfer denied June 28, 1933.]

*Lemuel Darrow, Earl Rowley, C. V. Shields* and *Arthur L. Roule,* for appellant.

*Hottel & Mote* and *Seebirt, Oare, Deahl & Omacht* for appellees.

CURTIS, J.—The appellees brought suit in the trial court against the appellant upon a complaint in two paragraphs, the first of which, omitting the formal parts, is as follows: "The plaintiffs Roy R. Rodabaugh and Frank A. Madden, complain of the defendant, Ed. L. Cline and for cause of action say: That on or about the 15th day of June, 1926, the defendant informed the plaintiffs that he was desirous of purchasing or securing options to purchase various telephone plants and systems in said State of Indiana, or acquiring or securing options to acquire the outstanding common capital stock of various telephone plants and systems in said State of Indiana; that said defendant requested the plaintiffs to assist him in effecting such purchases or acquiring such options and as compensation, agreed to pay the plaintiffs a sum equal to 5 per cent of the face value of any and all bonds which should be issued against the physical properties and assets of any and

all telephone plants and systems purchased by said defendant through the assistance of said plaintiffs; that said plaintiffs accepted the offer of said defendant and in accordance with said agreement entered into negotiations with various persons pertaining to the purchase of the outstanding common capital stock of the LaPorte Telephone Company, an Indiana corporation, engaged in the telephone business in and about the City of LaPorte, LaPorte County, Indiana.

"That through the efforts of said plaintiffs, said defendant entered into a contract for the purchase of all the outstanding common stock of said LaPorte Telephone Company; that subsequently said defendant caused a corporation to be organized known as LaPorte County Indiana Telephone Company, and that said defendant caused all of the property and assets of said LaPorte Telephone Company to be conveyed and transferred to said LaPorte County Indiana Telephone Company; that thereafter, said LaPorte County Indiana Telephone Company was authorized to, and did issue mortgage bonds against the physical property and assets formerly owned by said LaPorte Telephone Company in the total amount of $550,000;

"Plaintiffs further say that in accordance with the terms of their agreement with said defendant, there is now owing to said plaintiffs by said defendant an amount equal to 5 per cent of said sum of $550,000 amounting to $27,500; that said sum is now due and wholly unpaid and that said plaintiffs have demanded said sum of said defendant but said defendant refused and still refuses to pay said sum to said plaintiffs;

"That said plaintiffs have done all things by them to be done in accordance with the terms of their agreement;

"WHEREFORE, plaintiffs demand judgment against said defendant for twenty-seven thousand five hundred

($27,500.00) dollars, judgment for interest at the rate of 6 per cent per annum from January 3rd, 1927, costs and for all other proper and necessary relief."

The finding and judgment of the court was in favor of the appellees upon the first paragraph of the complaint above set out in the sum of $32,931.25. The second paragraph of the complaint was substantially the same as the first except that it proceeded upon the theory of *quantum meruit*. There was a separate motion filed by the appellant to require the appellees to make each paragraph of the complaint more specific and certain, both of which motions were overruled and exceptions taken. Motions to strike out certain parts of each paragraph of the complaint were likewise filed and overruled and exceptions taken. A demurrer was filed to the first paragraph of the complaint and overruled and exception taken. The appellant then filed a general denial to each paragraph of the complaint and a trial was had before the court without a jury upon the issues thus tendered, resulting as above stated. The court overruled appellant's motion for a *venire de novo* considered filed before judgment, to which ruling of the court appellant excepted. A motion for a new trial was filed and overruled and the appellant duly excepted, after which he appealed to this court. The Bankers Investment Company filed an intervening petition in the trial court and a demurrer was sustained thereto and no further pleading filed by it, but no question is raised in this court as to the correctness of said ruling.

The errors relied upon for reversal are as follows: "(1) Error of the Court in overruling motion to make first paragraph of complaint more specific. (2) Error of the Court in overruling motion to make second paragraph of the complaint more specific. (3) Error of the Court in overruling demurrer to first paragraph of complaint. (4) Error of the Court in overruling appel-

lant's motion for a *venire de novo*. (5) Error of the Court in overruling the motion for a new trial of appellant."

We will take these alleged errors up in their numerical order, considering together the first and second. These two alleged errors relate to the overruling of the motions made by the appellant to require the appellees to make their two paragraphs of their complaint more specific and certain. In substance the motions were as follows: That plaintiffs (appellees) be required, "1st. To set out fully what plaintiffs did to assist the defendant in purchasing the stock of the LaPorte Telephone Company. 2nd. To set out more specific and certain what efforts, if any, plaintiffs allege were made by the plaintiffs to effect a contract of purchase between the defendant and the LaPorte Telephone Company. 3rd. To set out more particularly and fully the terms of the agreement alleged to have been made by the plaintiffs with the defendant." The appellant relies upon the proviso contained in Section 360, Burns R. S. 1926, Acts 1915, p. 123, to sustain his contention as to the above motions. The Act, omitting formal parts, is as follows that: "Hereafter, in all pleadings, papers or writings which are filed in or before any court in any civil or criminal case, or in any proceeding of any kind, where the sufficiency of the same can, may be or is called in question, that all recitals therein, and all statements contained in any participal expression, or following the words 'having' or 'being,' shall be considered and held to be allegations of fact whenever necessary to the sufficiency thereof; and all conclusions stated therein shall be considered and held to be the allegation of all the facts required to sustain said conclusion when the same is necessary to the sufficiency of such pleading, paper or writing: Provided, That as against such conclusions, only the following remedy is given, that a motion may

be made to require the party filing such pleading, paper or writing to state the facts necessary to sustain the conclusion alleged, *said motion setting out wherein such pleading, paper or writing is insufficient.* If no such motion is made and ruled upon, all objections on account thereof are waived.". (Our italics.) It is to be noted that the above is amendatory of the act upon the same subject matter passed at the 1913 session of the General Assembly, Acts 1913, p. 850, chapter 322. The two acts are identical except as to the italicized portion shown above. The act of 1913, *supra,* instead of the said italicized portion, used this language: "Setting out therein the facts claimed to be necessary thereto." There was some ambiguity in the 1913 act but now it is clear that the motion itself must set out wherein such pleading, paper or writing is insufficient. The sufficiency of the motion itself under the above statute to present the questions sought to be presented has not been raised by the appellee and we express no opinion in that regard. The appellant says that the sole allegation of the appellees' complaint for services is based upon the following language: "That through the efforts of said plaintiffs said defendant entered into a contract for the purchase of all of the outstanding common capital stock of said LaPorte Telephone Company;" "that the motion goes to the material allegation which states as material a conclusion of the pleader, and no fact or facts as to what was done by the appellees and what efforts were made by the appellees to secure the contract, for which services appellees claim compensation." The appellees contend that the motion to make the first paragraph of the complaint more specific is joint and not separate as to all of the specifications and that since it is apparent that it was not good as to all three of the specifications, that it was not error for the court to overrule the same, citing in support of their

contention the case of *Avery Company* v. *Herriot-Carithers Company et al.* (1924), 81 Ind. App. 348, 143 N. E. 304. While in this contention the appellees may be technically correct, yet we have concluded to pass upon the merits of the question presented by the motion. The appellees further say that if the said motion was in proper form it would not have been error to overrule it; that the cause of action is alleged with clearness so that a person or ordinary understanding can comprehend the same; that in substance it is alleged that the appellant offered to employ the appellees to assist in purchasing telephone property; that they accepted his offer and that they assisted the appellant who accomplished his purpose through and by means of their assistance, their efforts and their negotiations; that through their assistance appellant purchased the La-Porte Telephone Company; that these allegations are full and complete; that they allege a contract and its performance and that these allegations are not conclusions but ultimate facts which the appellees were required to prove; that these allegations are supported by the further allegation of the complaint as follows: "That said plaintiffs have done all things by them to be done in accordance with the terms of their agreement;" that this allegation is entirely sufficient under Section 394 of Burns R. S. 1926 which provides as follows: "In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege generally that the party performed all the conditions on his part. If the allegations be denied, the facts showing a performance must be proved on the trial." The appellees further insist that the appellant does not show anywhere that he was prejudiced or harmed by the overruling of said motion and that if no substantial injury resulted from the ruling on the motion it is not reversible error even though technically erroneous. We are inclined to think that the appellees are correct.

Before such a ruling of the trial court, even though technically erroneous, is cause for reversing a judgment it must be shown to be prejudicial and that substantial injury resulted therefrom. *Carter* v. *Richart* (1917), 65 Ind. App. 255, 114 N. E. 110; *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 76 N. E. 1060; *S. W. Little Coal Co.* v. *O'Brien* (1917), 63 Ind. App. 504, 113 N. E. 465, 114 N. E. 96.

The record before us discloses that the cause of action was tried, commencing June 28, 1929; that more than a year previously thereto the appellant took the conditional examination of the appellee Frank A. Madden and inquired thoroughly into everything that the appellees did to assist the appellant and into what efforts were made by the appellees to effect the said contract of purchase and into the terms of the contract alleged to have been made between the appellees and the appellant. Before the trial the appellant also took the conditional examination of the appellee Roy R. Rodabaugh. There was no material fact developed by the appellees at the trial that was not fully covered by these conditional examinations. The questions involved were as fully tried out as they could have been had the motion been sustained and the amendments made in conformity therewith. Under these facts the ruling on the motion, if erroneous, was not prejudicial. See *Carter* v. *Richart, supra.* A complaint is sufficient when it states the facts relied upon in such a manner that a person of common understanding will know what is intended. No greater particularity is required than the nature of the facts intended to be pleaded admit. *City of LaPorte* v. *Osborn* (1909), 43 Ind. App. 100, 86 N. E. 995; *City of Huntington* v. *Stuver* (1908), 41 Ind. App. 171, 83 N. E. 518; section 359, clause 2, Burns R. S. 1926. If we should conclude (which we do not) that the complained of portions of the complaint are conclusions as contended for by the

appellant, yet it becomes apparent from a reading of the entire complaint and a study of the record that the trial court did not commit reversible error in overruling the motion, relied upon by the appellant to make the same more specific.

Since the finding and judgment of the trial court is based entirely upon the first paragraph of the complaint it becomes unnecessary to discuss the second error relied upon for reversal, to wit: Error of the court in overruling the motion to make the second paragraph of the complaint more specific.

The appellant, although discussing it in his "points and authorities" does not assign as an error relied upon for reversal the alleged error of the court contained in the assinment of error, to wit: refusing to strike out certain parts of the first paragraph of the complaint. This alleged error is therefore waived.

The next question presented arises upon the third error relied upon by the appellant for reversal, to wit: alleged error of the court in overruling the demurrer of the appellant to the first paragraph of the complaint. The demurrer filed is "for the reason and upon the ground that said first paragraph of complaint does not state a cause of action against the defendant." The memorandum with the demurrer is as follows: "1st. That said paragraph of *answer* (our italics) relies on a parol contract for commission, which contract comes within the statute of frauds. 2nd. That there is a want of consideration shown by the first paragraph of complaint. 3rd. That the plaintiffs have not shown that they or either of them assisted in financing of the LaPorte County Indiana Telephone Company in any amount. 4th. It is not alleged that the plaintiffs or either of them secured options from the stockholders of the LaPorte Telephone Company either verbally or in

writing. 5th. There are no allegations pleaded as to the relationships and interest the plaintiffs have to the suit in controversy."

The appellant has not seen fit to discuss in his "points and authorities" the first specification in his memorandum filed with his demurrer and it has therefore been waived. The second specification in the demurrer attacks the first paragraph of the complaint upon the alleged ground that there is no consideration shown. We cannot concur in this view. The complaint alleges that the defendant informed the plaintiffs that he was desirous of purchasing or securing options to purchase various telephone plants, or of acquiring or securing options to acquire the outstanding capital stock of various telephone plants; that said defendant requested the plaintiffs to assist him in effecting such purchase or acquiring such options and as compensation agreed to pay the plaintiffs a sum equal to 5 per cent of the face value of all bonds issued against the property of any and all telephone plants purchased by the defendant through the assistance of the plaintiffs; that the plaintiffs accepted said offer of the defendant and that they "have done and performed all things by them to be done in accordance with the terms of their agreement." None of these allegations were attacked by the motion to make more certain and they, if true, in our opinion constitute a contract that would bind the appellant. These mutual promises of the parties support each other and make a good and valuable consideration.

The appellant, however, says that "appellant's motion to make the complaint more specific and set out the facts in relation to the efforts of the appellees in securing a contract for all of the outstanding common capital stock having been duly over- ruled by the court, this allegation of the complaint will

not support and be taken as any fact alleged." He quotes from *Enterprise Printing & Publishing Company* v. *Craig* (1924), 195 Ind. 302, 144 N. E. 542, 145 N. E. 309, as follows: "Appellants motion to make the complaint more specific by setting out the facts relied upon to support each of several alleged conclusions therein having been overruled, the sufficiency of the complaint to withstand a demurrer must be determined from the facts stated without support from any such alleged conclusions which were not drawn from facts fully pleaded and set out in it." The above language applies to a situation where conclusions are pleaded under the act of 1913, *supra,* as amended by the act of 1915, *supra,* and where a proper motion under such statute is made and overruled, to require the pleader to support said conclusions by the facts. The reason for the rule which was first announced in *Terre Haute I. & E. Traction Co. Ry.* v. *Phillips* (1921), 191 Ind. 374, 132 N. E. 740, is that the ruling of the court on the motion will be "deemed a decision by the trial court, procured by and binding upon the appellee, adjudging that all the facts known to and relied on by the appellee tending to support such general averments were already stated in . . . the complaint." See above case. The court, in the same case, further said: "A statute now provides that recitals and conclusions in a pleading shall be deemed an allegation of the facts so recited and of the facts necessary to sustain such conclusions, so far as they are necessary to the sufficiency of such pleading, subject to the right of the adverse party, by motion to require that the facts to sustain the conclusions shall be set out. . . This can only mean that where a proper motion to make the pleading more specific by setting out the facts is duly made, and is overruled, the pleading must be regarded as already stating specifically the

facts relied on to support the conclusions to which such motion was addressed." Manifestly this language was not intended to apply to a case where the motion itself is not in conformity with the act or where such motion is not well taken. The mere fact that such a motion is addressed to parts of a pleading and is overruled does not mean that such parts of the pleading to which the motion is addressed can not under any circumstances be considered in passing upon a demurrer to such pleading. The language of the judge who wrote the opinion referred to specifically limits the rule to cases where a *proper* (our italics) motion is made and overruled. The rule announced above grows out of the act of 1913, *supra,* as amended by the act of 1915, *supra,* and while there was no precedent for the holding and none cited by the court, yet it is based upon logic and may now be considered to be thoroughly a part of the rules of pleading and practice in Indiana. In the instant case the complaint demurred to is entirely sufficient to state a cause of action even if the parts thereof to which the motion to make more specific is addressed are held to be conclusions (which we do not hold) and not to be considered in testing the complaint on the demurrer filed. It is to be remembered that the said act of 1913, as amended by the act of 1915, *supra,* specifically covers only the cases where the conclusions or the facts necessary to sustain them are "necessary to the sufficiency of the pleading."

The third and fourth specifications of the memorandum filed with the demurrer attack the first paragraph of the complaint upon the grounds that the plaintiffs "have not shown that they or either of them assisted the defendant in the financing of the LaPorte County Indiana Telephone Company in any amount" and that "it is not alleged that the plaintiffs or

either of them secured options from the stockholders of the LaPorte Telephone Company either verbally or in writing." In searching the paragraph of the complaint in question we have failed to discover that the contract of employment set up therein required the plaintiffs to assist the defendant in financing his new company, the LaPorte County Indiana Telephone Company, which he organized to take over the property and assets of the said LaPorte Telephone Company, nor did such contract as alleged require the plaintiffs or either of them to secure options from the stockholders of the LaPorte Telephone Company. The contract alleged in said pararaph of complaint required the plaintiffs to assist the defendant in securing said options. We think the said paragraph of the complaint is sufficient to withstand these two specifications in the memorandum.

It is next urged by the appellant by his 5th specification of the memorandum that "there are no allegations pleaded as to the relationship and interest the plaintiffs have to the suit in controversy." In support of this specification the appellant contends that there is no allegation as to the relation existing between the appellees as to whether they are a partnership and equal partners, or whether they have unequal or equal interest in the contract sued upon; that where two or more parties join in an action the complaint must show a right of action in favor of both or all of them and that where the complaint does not state a cause of action in favor of all of the plaintiffs the complaint is demurrable. We agree that where two or more parties sue jointly the complaint must show a right of action in favor of all, but when the allegations of the first paragraph of the complaint are read and tested by the above rule it is our opinion that they are sufficient. The contract of employment is alleged to be an employment by the defendant (appellant) of the

plaintiffs (appellees). The allegations in that respect are that "defendant requested the plaintiffs to assist him in effecting such purchases and agreed to pay plaintiffs 5 per cent . . . and that plaintiffs accepted the offer; . . . that said plaintiffs have done all things by them to be done in accordance with the terms of the agreement." The rule is that an obligation alleged to have been entered into by two or more persons and a third person is presumed to be joint. In our opinion the allegations of the paragraph of the complaint in question constitutes a joint employment of both plaintiffs for one compensation *in solido* to be paid by the defendant. The promise was made to both plaintiffs and their interest in the compensation was joint. Under the facts pleaded in the instant case, the particular interest of each plaintiff need not be further set forth. See *McIntosh et al.* v. *Zaring et al.* (1898), 150 Ind. 301, 49 N. E. 164; Parsons on Contracts, 9th Edition, Vol. 1, page 20.

The next error relied upon by the appellant for reversal is the alleged error of the court in overruling his motion for a *venire de novo*. This motion contains 5 grounds, based in the main upon the contention that the finding of the court is indefinite, uncertain and ambiguous and does not show what amount each plaintiff is entitled to, and is joint and not several as to the plaintiffs and that there is "an uncertainty as to whether or not the award is not double and not joint as to each plaintiff." The court found as follows: "And the court having heard the evidence and being well advised in the premises, finds for the plaintiffs on the first paragraph of their complaint, and that there is due and owing the plaintiffs from the defendant on the complaint sued upon the sum of $32,931.25, for which sum the plaintiffs are entitled to judgment." Much that we have said in passing upon the demurrer

applies with equal force to the questions presented in the motion for a *venire de novo*. We find no such infirmities in the finding as are pointed out in the motion and we believe there was no error in overruling same.

This brings us to the last error relied upon by the appellant for reversal, to wit: "Error of the court in overruling the motion for a new trial of the appellant." There are 67 grounds or reasons in the motion for a new trial, the first of which is: "The damages assessed by the court are excessive." It has many times been held that this fourth statutory cause for a. new trial, namely "that the damages are excessive" is proper only in cases of tort. The instant case being a case based upon contract and not in tort, no question is presented by this first ground of the motion. See Sec. 610, Burns R. S. 1926, clause 4. *The Lake Erie & Western Railway Company* v. *Acres* (1886), 108 Ind. 549, 9 N. E. 453; *Federal Life Insurance Company* v. *Maxam et al.* (1919), 70 Ind. App. 266, 117 N. E. 80, 118 N. E. 839, and cases cited therein. The second ground of the motion is that "the assessment of the amount of recovery is erroneous, being too large." In support of this contention the appellant says that "from the complaint no date is fixed at which time the defendant caused or was authorized to issue bonds against the telephone company. . . . No allegation in the complaint avers that appellees claim interest on the verbal contract herein sued upon. There was no evidence that appellees sent appellant a statement of account, and no evidence that after the 3rd day of January, 1927, there was any demand of any kind made by appellees upon appellant which would entitle the appellees to interest." The only authorities cited by the appellant in support of the above contentions are §9330, Burns R. S. 1926, and *Independent Five and Ten Cent*

*Stores of New York* v. *Earles* (1914), 57 Ind. App. 241, 106 N. E. 730, 1087.

The appellees assert that the contention of the appellant that "no allegation in the complaint avers that appellees claim interest on the verbal contract sued upon" is misleading and unjustified and insist that the complaint alleges a specific amount due, to wit: $27,500 as principal, together with interest at the rate of 6 per cent per annum from January 3, 1927, and further alleges a demand for payment and refusal by the defendant and that the complaint is sufficient upon which to base the finding and judgment herein for interest, even though the specific allegations as to interest are contained in the prayer of the complaint; that the defendant was thereby put on notice that interest was being demanded. The appellees further contend: that an option to purchase was made between the defendant and a stockholder of the LaPorte Telephone Company, for the purchase of at least 51 per cent of the common capital stock of said company, on the 17th day of September, 1926; on October 8, 1926, pursuant to said option as extended at the request of appellees, appellant entered into a contract of purchase and sale with the stockholders of the LaPorte Telephone Company; and on December 7, 1926, said company filed its petition with the Public Service Commission asking for authority to sell all of its property to the LaPorte County Indiana Telephone Company, which had been organized by defendant to take title, and at the same time the latter company filed its petition with the said commission for authority to purchase said property and to issue bonds in the sum of $550,000.00 to bear date of December 1, 1926; that a hearing was had upon said petition on December 27, 1926 and said petition was allowed and authorized, and said bond issue approved on January 3, 1927; that in December, 1926, the appel-

lant in a conversation with the appellee, Madden, repudiated his contract and refused to pay appellees under the contract sued upon; and also that in January, 1927, said Madden made another demand; that the judgment was entered April 17, 1930, and if interest be computed from any date in December, 1926, to the date of trial, it will be found to exceed by very much the interest of $5,431.25 allowed by the court; that if interest be computed from January 3, 1927 to April 17, 1930 upon $27,500 at 6 per cent per annum, it will be found to be the sum of $5,426.66; that since the court allowed $5,431.25 this would make an error of $4.59 in computation; that the appellant claims that this error was $9.26; that whatever the error was, if there was an error, whether $4.59 or $9.26, it is not insisted upon by appellant in his points and authorities under the second cause for a new trial, and is therefore waived.

As we view the question of interest in this case it amounts in its final analysis to the questions as to whether or not the amount recoverable on such a contract as is sued upon in the first paragraph of the complaint is entitled to draw interest, and if it is entitled to draw interest, from what date shall the interest begin? Our court has held that the amount recoverable under such a contract as is pleaded in the first paragraph of the complaint is entitled to draw interest if there is long, unreasonable or vexatious delay in the payment of the amount due thereunder, and that the question as to whether there has been such delay in the payment of the obligation is usually one of fact for the court or jury as the case may be. *Independent Five and Ten Cent Stores of New York v. Earle, supra; Kuhn* v. *Powell* (1916), 61 Ind. App. 131, 111 N. E. 639; *Rogers* v. *West* (1857), 9 Ind. 400; *Ross* v. *Smith* (1888), 113 Ind. 242, 15 N. E. 268. The trial court evidently allowed the appellee $5,431.25 as inter-

est for three years, three months and fifteen days upon the sum of $27,500 and from the record before us we are not convinced that any reversible error was thereby committed. By some methods of figuring the amount would be $5,426.66, a difference of $4.59. In view of the comparatively small discrepancy and in view of the further fact that this slight disrepancy is not urged by the appellant in his discussion of the question of interest under the point in his brief under consideration, we would not feel justified in reversing the judgment and sending the cause back for a new trial on an error (if it be error) involving such a relatively small amount. *Miller* v. *Citizens Building & Loan Association of Brazil* (1912), 50 Ind. App. 132, 98 N. E. 70. As to the question of the pleadings in respect to the interest we may say that the complaint will in this court be deemed to be amended to conform to proof. See §725, Burns R. S. 1926; *Kuhn* v. *Powell, supra.*

The next two grounds in the motion for a new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law. These will be discussed together. The complaint alleged that the contract sued upon was made between the parties on or about June 15, 1926, and the evidence establishes the fact that such contract was entered into some time during the following July and that the services alleged to have been rendered to the appellant by the appellee were performed thereafter. The appellant contends that this constitutes a material variance. Section 418, Burns R. S. 1926 provides: "No variance between the allegations in a pleading and the proof is to be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. . . ." Section 419, Burns R. S. 1926 provides: "Where the variance is not material, as provided in the last section,

418, *supra,* the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs." Under these provisions of the law and under the facts of the instant case it is clear that the variance complained of is an immaterial one. It is next urged by the appellant that no partnership is shown between the two appellees and that the evidence shows that the contract was made with one of them only. It is not contended by the appellees that there was any partnership between them but that the employment was a joint employment contract of both for one compensation. While the evidence is conflicting as to the employment of both appellees by the appellant yet it is clear from a reading of the evidence of the witness J. L. Rodabaugh and the appellees that there is ample evidence to support the finding of the trial court in that respect. It is needless to say that this court, when there is competent evidence to sustain the finding of the trial court, will not weigh conflicting evidence and substitute its judgment thereon for the judgment of the trial court. The appellant insists that "the principal ground upon which the appellees seek to recover on their parol agreement was the securing of a verbal option from one of the stockholders of the LaPorte Telephone Company to purchase a majority of the stock at $325.00 per share and which berbal option the appellees contend was given the appellant." The appellees, however, say that the ground upon which they recovered judgment against the appellant was that they performed the contract made in July, 1926, with the appellant and that they aided the appellant in the acquisition of the LaPorte Telephone Company in accordance with the said contract and that the said contract did not call for them to secure an option before the appellant became bound to pay the commission and that since both appellees and J. L. Rodabaugh testified that it was not a con-

dition of the contract that the appellees must secure such an option before the appellant became bound to pay the commission, the court in his judgment could believe their evidence and reject that of the appellant upon that question. The appellees further urge that the evidence discloses that the appellant benefited by their services and that in fact he purchased the entire capital stock of the LaPorte Telephone Company at the price obtained by the appellees and that he adopted their acts and deeds which were the efficient, procuring and producing causes of the purchase. In Mechem on Agency, 2nd edition, Vol. 2, section 2433, we find this statement: "It is, of course, entirely possible that the agreement between the broker and the principal may not require that the broker shall bring about a sale in any sense. Thus this offer of the principal may be that he will compensate the broker if the latter will assist him in finding a purchaser; or if the broker will urge some one to buy, etc.; and in all these cases the broker having done what he agreed to may recover compensation." The same general principles apply where brokers are employed to purchase property as apply where they are employed to sell property. See: Mechem on Agency, 2nd Ed., Vol. 2, sections 2471, 2472. We believe that the finding of the court is supported by ample evidence and that it is not contrary to law.

Some question is made by the appellant as to the relation of one Isenbarger to the contract relied upon by the appellees. The complaint proceeds upon the theory that the contract was between the appellees, Madden and Rodabaugh, and the appellant Cline. We believe the evidence at most shows that Isenbarger was to be paid for whatever services he rendered, by the appellees and not by the appellant. The next point urged by the appellant relates to his ground 10 in his motion for a new trial and asserts error of

the court in refusing to permit the witness, Frank A. Madden, to answer on cross-examination the following question: "For whom were you working (referring to the purchase of common stock of the Rushville Telephone Company)." It is not shown by appellant that any such matter as the purchase of the common stock of the Rushville Telephone Company had been inquired into in the direct examination of the witness, neither it is shown that such transaction was in any way related to the instant case. We cannot perceive where any prejudicial error was committed by the ruling complained of. The appellant also asserts that the court erred in admitting in evidence appellees' exhibit No. 4, which is a copy of a telegram dated September 29, 1926; but since no copy of the exhibit is set out in the appellant's brief we cannot tell whether or not there was reversible error in the ruling. Before an error in the admission or rejection of evidence is reversible it must be made to appear that it is prejudicial.

Appellant also says that there was error in permitting the witness Isenbarger to testify to a conversation he had with the appellees not in presence of the appellant, on the ground that it "was clearly hearsay and prejudicial to the appellant and is no part of the *res gestae*." We agree with the appellant that the evidence given was hearsay if given for the purpose of proving the terms of the contract sued upon but he has not made any attempt to show that the error was prejudicial and we have been unable to conclude that reversible error was committed in its being admitted, particularly in view of the fact that there was other competent evidence in the record sufficient to sustain the finding, and in view of the further fact that the cause was tried before the court. *Shira* v. *State* (1918), 187 Ind. 441, 119 N. E. 833; *Grasselli Chemical Co.* v. *Simon* (1926), 84 Ind. App. 327, 150 N. E. 617.

The appellant says the court erred in not requiring the witness Isenbarger to answer what appellant says was an impeaching question. The question was objected to on the ground that it was wholly immaterial, not proper cross-examination and not a proper impeaching question. The matter sought to be inquired about was an alleged conversation between Isenbarger and one Baker. As we look upon it the evidence was wholly unrelated to material matters and was not relevant to the issue and was therefore properly excluded even if the question had been in proper form as an impeaching question. Watson's Revision of Works Practice and Forms, Vol. 2, section 1497, and the numerous cases cited therein. The appellant next says that Frank A. Madden, one of the appellees, testified that during his visit to LaPorte on September 4, 1926, he had a conversation with J. Vene Dorland and that Dorland gave him a price on his stock of $400.00 per share, or intimated that $400.00 per share would buy his stock, and that it was error of the court not to allow Dorland to testify as to his previous conversations with his brother alone as to their previous agreement to sell the stock at $325.00 per share. The appellant contends that this evidence, if given, would have rebutted the testimony of Madden, above set out. We look upon the offered evidence as not being material and as being hearsay and as not tending to prove or disprove any of the issues, and therefore correctly refused. Appellant next says the court erred in refusing to permit appellant's witness, J. Vene Dorland, to answer the following question: "What, if anything, did Mr. Isenbarger do at the meeting with reference to the preparation of the contract, if there was one prepared?" We do not see the materiality or pertinency of the question. It was not the theory of the complaint nor was it a part of appellees' evidence that it was one

of the obligations of the appellees to do anything in the preparation of the contract. The evidence was properly excluded. It is next urged by the appellant that the court erred in refusing to permit the witness, J. Vene Dorland, on direct examination to answer the question: "Now, had at that time (referring to meeting in October) the terms of the contract been agreed upon by the stockholders?" There was no evidence offered by the appellees as to any contract having been made with stockholders other than Ralph Dorland, and in fact it was not the theory of the complaint that any such contract was made. The evidence offered would therefore have been immaterial and it was correctly refused. The same witness was also asked the following question: "Prior to September, 1926, did you have any person come to you to negotiate for the purchase of the LaPorte Telephone Company?" Upon objection being made the witness was not permitted to answer the question and the appellant claims this was error. The ruling of the court was not error for the same reasons we have pointed out as to the previous questions considered.

The appellant next says the court erred in refusing to permit the witness, Edward G. Hereth, to answer certain questions which the appellant says would have shown that Roy Rodabaugh, one of the appellees, was employed by the Bankers Investment Company at the time in 1926 when he alleged he rendered the services sued for in this case. The Bankers Investment Company filed an intervening petition in this case and there was a demurrer sustained thereto, and no further pleading filed by it. No question is raised in this court about the correctness of said ruling. There was no issue upon which the evidence sought to be introduced was relevant. The offer of this evidence was correctly rejected. Practically the same evidence was sought to be elicited of the same witness as to the

appellee Madden, and it likewise was correctly rejected. But the appellant says that such evidence would have shown a breach of trust on the part of the appellees with the Bankers Investment Company, and that it was admissible under the general denial. We cannot see that the fact, if it be a fact, that the appellees or either of them were employed by the Bankers Investment Company could discharge the obligation of the appellant to the appellees. It seems to us to be irrelevant to the issue in this case.

We have found no reversible error. Judgment affirmed.