INDIANAPOLIS MACHINERY CO., INC. *v.* ALVIN L. COHEN, AS
ADMINISTRATOR OF THE ESTATE OF LOUIS J. BORINSTEIN, DECEASED

[No. 1-278A47. Filed August 8, 1978.]

*Donald A. Schabel*, of Indianapolis, *Stephen A. Free*, of Greenfield, for
appellant.

*John Wood, Bamberger & Feibleman*, of Indianapolis, *C. Thomas Cone*,
of Greenfield, for appellee.

## STATEMENT OF THE CASE

LOWDERMILK, J.—Cross-defendant appellant Indianapolis Machinery Company, Inc. (IMC) appeals from a judgment in favor of cross-claimant appellee Alvin L. Cohen, administrator of the estate of Louis J. Borinstein, deceased (Cohen), wherein Cohen was awarded prejudgment interest upon a principal sum which was due Borinstein upon his retirement, and which was recovered by Cohen, as administrator of Borinstein's estate.

## FACTS

The facts which are pertinent to this appeal are set forth in IMC's brief as follows:

"This is an action on a cross-claim filed by Cohen against the Company [IMC] in an action in which both are defendants. The main action was brought by members of the Company's profit sharing plan and trust, on behalf of themselves and all other members except the individual defendants, for the purpose, inter alia, of reallocating to other members of the plan . . . trust funds alleged to have been improperly allocated to defendants Louis J. Borinstein and Edwin E. Letzter. From a judgment for defendants, plaintiffs appealed. With respect to defendant Louis J. Borinstein, the Appellate Court of Indiana, Division No. 2, held that he had not been, at any time, a regular, full-time employee of the Company within the meaning of the profit-sharing plan, and that, as a consequence, there had been an improper allocation of funds to his account. The judgment was reversed and the cause remanded for further proceedings not inconsistent with the views expressed in the opinion reported in 150 Ind.App. 465 and in 276 N.E.2d 606.

Following remand, Cohen was substituted as a defendant in place of Louis J. Borinstein, who had died, and he filed a cross-claim against the Company wherein, in the event that the court determined that he was not entitled to receive distribution from the profit sharing trust of the amount allocated to Borinstein's account, he sought a judgment against the Company for the amount formerly credited to Borinstein's account on the ground that such amount constituted additional compensation for services rendered to the Company. Following a trial, the court on January 15, 1975, concluded that Cohen did not have any interest in the funds improperly allocated to Borinstein's account and was precluded from recover-

ing any such funds from the plan and trust by reason of the provisions of the plan, and a final judgment was entered. Thereafter, the court on February 25, 1975, found for the Company on Cohen's cross-claim and entered a judgment that Cohen take nothing.

Cohen filed separate motions to correct errors with respect to the January 15, 1975, judgment holding he was not entitled to a recovery from the trust and with respect to the February 25, 1975, judgment holding that he take nothing by his cross-claim against the Company. Upon the denial of the respective motions to correct errors, Cohen appealed, and this court affirmed the January 15, 1975 judgment on Cohen's appeal, holding that 'the estate has no claim to funds held by the trust', but reversed the February 25 1975, judgment on Cohen's appeal, holding that 'the evidence established the right of Cohen to recover upon the theory of an express unilateral contract' and that 'Cohen, as administrator of Borinstein's estate, is entitled to recover from the Company that amount to which Borinstein would have been entitled had he, in fact, been eligible for plan membership during those years.' The cause was remanded for further proceedings. See 347 N.E.2d 518, 525.

Following remand, Cohen moved 'for the entry of judgment in his favor and against [the Company] in the sum of $44,966.00 plus interest at the rate of eight percent (8%) per annum from and after February 1, 1972 to the date of entry of such judgment herein.' On January 12, 1977, the court entered judgment on said motion as follows:

'The court now on the amended motion of Defendant Cohen, for judgment against defendant, Indianapolis Machinery Company, finds and adjudges that the right of defendant Cohen to recover from Indianapolis Machinery Co., herein is based on an oral contract and therefore does not draw interest pursuant to IC 24-4.6-1-103 nor has there been any unreasonable or vexatious delay in [payment of] the amount due to defendant Cohen from Indianapolis Machinery Co., Inc., and defendant Cohen is not entitled to interest on said amount.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, That Alvin L. Cohen, as Administrator of the Estate of Louis J. Borinstein, have and recover from defendant Indianapolis Machinery Co., Inc., the sum of $44,966.00.'

On March 11, 1977, Cohen filed his motion to correct errors and asked for the following relief:

'WHEREFORE, cross-complainant Alvin L. Cohen, administrator, prays that the Court enter an appropriate order and judgment pursuant to T.R. 59(E), modifying and correcting its decree and judgment of January 12, 1977, by increasing the amount of damages which Cohen is entitled to recover on his cross-complaint from defendant Indianapolis Machinery Co., Inc. by the amount of interest on the principal sum of $44,966.00 computed at the rate of eight percent (8%) per annum from January 1, 1972 to and including January 12, 1977 (which is the sum of $18,104.67) plus interest at such rate ($9.8555 per day) from January 13, 1977 to and including the date of entry of such new or amended judgment.'

On March 30, 1977, the court granted Cohen's motion to correct errors and made the following entry:

### 'ENTRY'

The Court of Appeals has ruled that the amount of damages to which Alvin Cohen as Administrator is entitled on his cross-complaint is ascertainable by computing the amount which Mr. Borinstein would have received at his retirement had he in fact been an eligible member of the profit sharing plan from its inception. The amount to which Mr. Borinstein was entitled was, therefore, ascertainable in accordance with fixed rules of evidence and accepted standards of evaluation.

The rule is that prejudgment interest should be allowed where the damages are ascertainable in accordance with fixed rules of evidence and accepted standards of evaluation.

The court in rendering judgment denying prejudgment interest to Cohen now feels that it was in error in failing to apply the above stated rule. The court finds that its error has resulted in an inadequate amount of recovery having been awarded to Cohen and for that reason that the judgment made therein on January 12, 1977 insofar as it awards damages to Cohen from Indianapolis Machinery Co., in the amount of $44,966.00 without prejudgment interest is contrary to law.

The court now in order to correct the error in said judgment now corrects said judgment as to Alvin L. Cohen as Administrator of the Estate of Louis J. Borinstein against Indianapolis Machinery Company, Inc., to read as follows:

"Wherefore, it is ordered, adjudged and decreed that Alvin L. Cohen, as Administrator of the Estate of Louis J. Borins-

tein, have and recover from defendant Indianapolis Machinery Co., Inc. the sum of $44,966.00 as principal, plus $18,863.54 interest to the date of this judgment.

Said judgment of January 12, 1977 to remain the same in all other respects.

Dated this 30th day of March, 1977.

/s/ George B. Davis
GEORGE B. DAVIS, JUDGE
HANCOCK CIRCUIT COURT." '

The Company's motion to correct errors was filed on May 24, 1977, and it was overruled by the court on December 5, 1977. The Company initiated this appeal by filing its praecipe designating what is to be included in the record of the proceedings on December 28, 1977, and the record of the proceedings was filed with the clerk of the court of appeals on February 22, 1978."

(Citations to transcript omitted)

## ISSUES

The issues which have been presented to this court for review are as follows:

1. Whether Alvin L. Cohen, as administrator of the estate of Louis J. Borinstein, deceased, is entitled to prejudgment interest on the principal sum recovered on his cross-claim against Indianapolis Machinery Co., Inc.

2. Whether the amount of prejudgment interest recovered by Cohen is excessive.

## DISCUSSION AND DECISION

### Issue One

IMC contends that the trial court erred in awarding prejudgment interest to Cohen. In its prior judgment of January 12, 1977, which was replaced by the judgment of March 30, 1977, wherein Cohen's motion to correct errors was granted and prejudgment interest was allowed, the trial court held that IMC owed no prejudgment interest to Cohen because Cohen's right to recover on his cross-claim was based upon an

oral contract and therefore would not draw interest pursuant to IC 1971, 24-4.6-1-103 (Burns Supp. 1977) which allows prejudgment interest on claims based upon written instruments. The trial court, also, held that there had not been any unreasonable delay in payment by IMC which would permit an award of prejudgment interest, not as a matter of statutory right, but as damages resulting from a breach of contract.[1] These findings were incorporated into the final judgment of March 30, 1977 by reference.

We agree that the oral resolution of IMC's board of directors, which gave Cohen the right to participate in IMC's pension plan, was appropriately held by the trial court to be an oral contract and, thus, outside the provisions of IC 24-4.6-1-103, *supra.*

We, also, hold that the trial court's finding that IMC's delay in making payment to Borinstein and subsequently to Cohen was not vexatious can be supported by the evidence and is therefore proper. However, such a finding is not controlling with regard to the issue of contractual damages.

It is correct that Indiana courts have permitted prejudgment interest to be awarded as damages where the obligor has vexatiously delayed payment. See *Independent Five & Ten Cent Stores v. Earles* (1914), 57 Ind.App. 241, 106 N.E. 730, and *W. Q. O'Neall Co. v. O'Neall* (1940), 108 Ind.App. 116, 25 N.E.2d 656. However, in awarding prejudgment interest as contractual damages, vexatious delay in payment need not always be shown; it is only necessary to show that the obligor has breached his contract by failing to pay the appropriate amount due or demanded and that such amount can be ascertained as of a particular time in accordance with fixed rules of evidence and known standards of evaluation. See *Portage Indiana School Construction Corporation v. A. V. Stackhouse, supra,* and *Indiana Telephone Corporation v. Indiana Bell Telephone Company* (1976), 171 Ind.App. 616, 358 N.E.2d 218.

The theory behind the awarding of prejudgment interest is the com-

---

1. See *Portage Indiana School Construction Corporation v. A. V. Stackhouse* (1972), 153 Ind.App. 366, 287 N.E.2d 564.

pensation of the person who had the right to receive the money, not the punishment of the person who did not pay. To require the obligor to pay interest only when he has vexatiously delayed or denied payment would be to penalize him for his dilatory conduct. If compensation, and not punishment, is, indeed, the motivating factor behind the award of prejudgment interest then such interest should be awarded whenever the obligor has been found to have breached his contract with the obligee, and the amount due is ascertainable in accordance with fixed rules of evidence and known standards of evaluation.

In the case at bar IMC failed to pay Borinstein the amount due to him upon his retirement. Such failure to pay Borinstein the money which had been set aside for distribution at the time of his retirement could be considered a breach of contract. In that the trial court determined that the amount due at the time of Borinstein's retirement was ascertainable in accordance with fixed rules of evidence and known standards of evaluation, it did not err in holding that Cohen should be awarded prejudgment interest on the amount which IMC failed to pay at the time of Borinstein's retirement on January 11, 1972.

### Issue Two

IMC contends that in the event that an award of prejudgment interest is proper in the case at bar, the interest should be calculated, not from the time of Borinstein's retirement on January 11, 1972, but from the time when payment was demanded in Cohen's cross-claim of October 24, 1973. We do not agree.

In *Indiana Telephone Corporation v. Indiana Bell Telephone Company, supra,* this court made the following statement on page 229 of 358 N.E.2d:

"Where the terms of the contract make the claim ascertainable and the amount of the claim rests upon mere computation, prejudgment interest computed from the time the principal amount was *demanded or due* is allowable at the permissible statutory rate, in the absence of an express contractual provision specifying the interest rate. *Independent Five & Ten Cent Store v. Heller* (1920), 189 Ind. 554, 561, 127 N.E. 439; *City of Vincennes v. McCarter* (1968), 142 Ind.App. 493, 236 N.E.2d 76, 77; *Kuhn v. Powell* (1915), 61 Ind.App. 131, 133, 111 N.E. 639." (Our emphasis)

·Although the principal amount was not demanded by Cohen until October 23, 1973, according to IMC's profit sharing and pension plan agreement the principal amount is due in a lump sum upon the death or retirement of the employee, unless other arrangements are made. Since no other arrangements were made for the payment of the principal sum, that amount was due upon Borinstein's retirement. Since IMC failed to pay the principal sum when it was due on January 11, 1972, interest began to accrue at that time. In that the trial court awarded interest from January 1, 1972, rather than January 11, 1972, we must remand this case to the trial court with instructions that the judgment be amended to show that the prejudgment interest began to accrue on January 11, 1972 and not January 1, 1972.

Upon compliance with these instructions the judgment shall in all things be affirmed.

Lybrook, P.J. and Robertson, J. concur.

NOTE—Reported at 378 N.E.2d 931.