**BLUE VALLEY TURF FARMS, INC.,
Appellant (Defendant Below)**

v.

**REALESTATE MARKETING AND
DEVELOPMENT, INC., Appellee
(Plaintiff Below)**

v.

**Virgil C. BROCKMANN, Appellee
(Third-Party Defendant Below).**

No. 3–1280A393.

Court of Appeals of Indiana,
Third District.

Aug. 27, 1981.

Mark A. Warsco, Clifford A. Holleran, Fleck, Holleran & Trexler, Fort Wayne, for appellant.

Jeanne S. Miller, New Haven, for appellees.

HOFFMAN, Presiding Judge.

Blue Valley Turf Farms, Inc. (Blue Valley) entered into a written real estate listing contract on July 22, 1974 with Realestate Marketing and Development, Inc. (Realestate), which provided that Blue Valley would pay Realestate a commission in the event Realestate found a buyer for certain equipment and real estate. On September 2, 1974 Blue Valley executed an agreement to purchase real estate with a buyer, John Hilger, and agreed to pay Realestate a commission of $9,000. On December 10, 1974, Blue Valley notified Hilger that the agreement was terminated because Hilger had not obtained a new mortgage loan prior to October 2, 1974. In 1975 Hilger brought suit against Blue Valley to specifically enforce the sale. The lawsuit was settled and dismissed. Realestate then filed suit against Blue Valley to recover the $9,000 real estate commission and received a favorable judgment. The trial court found that Blue Valley had failed to perform all the matters it had agreed to perform pursuant to the purchase agreement and that Hilger was a ready, willing and able buyer.

Blue Valley now appeals the judgment alleging that because the purchase agreement was conditioned upon Hilger obtaining a new mortgage loan within thirty days and Hilger had only an oral commitment from a lender to loan the necessary funds in exchange for a mortgage securing the loan, Hilger had not met the conditions of the agreement. Blue Valley argues that an agreement to lend funds in exchange for a mortgage interest in real estate must be in writing to be enforceable and since Hilger had only an oral commitment that could not be enforced, the conditions of the contract were not met and the contract was unenforceable against Hilger. Since the contract was unenforceable against Hilger, the contract was unenforceable against Blue Valley for want of mutuality of obligation.

Realestate filed a cross-appeal raising the issue of whether the trial court erred by failing to allow prejudgment interest from the date of settlement on money due on a

written listing contract which did not specify a rate of interest. However, before reaching this question, the issues raised by Blue Valley must be disposed of.

 The Indiana Statute of Frauds which appears at IC 1971, 32–2–1–1 (Burns 1980 Repl.) provides as follows:

"When contracts must be in writing.—No action shall be brought in any of the following cases:

First. To charge an executor or administrator, upon any special promise, to answer damages out of his own estate; or,

Second. To charge any person, upon any special promise, to answer for the debt, default or miscarriage of another; or

Third. To charge any person upon any agreement or promise made in consideration of marriage; or,

Fourth. Upon any contract for the sale of lands; or,

Fifth. Upon any agreement that is not to be performed within one [1] year from the making thereof; or

Sixth. Upon an agreement, promise, contract or warranty of cure relating to medical care or treatment; Provided, however, That nothing in this subsection affects the right to sue for malpractice or negligence.

"Unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, excepting however, leases not exceeding the term of three [3] years."

Blue Valley contends that Hilger's contract with his lender falls within the statute under the provision for sale of lands.

It is clear that the statute does not explicitly cover an agreement to lend funds in exchange for a mortgage interest. Blue Valley has not cited any Indiana authority on point for its proposition. While Indiana case law has held that a promise to execute a mortgage is within the statute of frauds, the same is not true for a promise to lend money.

 Furthermore, the agreement Blue Valley is questioning is the agreement between Hilger and his lender. The parties to the agreement are not asserting the defense and Blue Valley cannot assert it for them or in their stead. Only parties and privies have the right to plead the statute of frauds defense. *Pioneer Lmbr. & Supply v. First-Merchants Nat'l Bk.* (1976), 169 Ind. App. 406, 349 N.E.2d 219.

But most importantly the agreement which is at issue in this cause is the written real estate listing agreement between Blue Valley and Realestate, not the agreement between Hilger and Hilger's lender. The latter agreement is irrelevant to the action on appeal.

Based upon the trial court's findings Realestate was entitled to receive the commission. It's contract stated:

"In the event Broker finds a Purchaser ready, willing and able to buy said real estate or should said real estate be sold or leased by or through Broker, Owner or otherwise during said time for the price of $175,000.00 or the rental of $_____ per _____ or for any other price, rent or terms or consideration acceptable to Owner, Owner hereby agrees to pay Broker, as commission, a sum equal to 6 per cent of the sum for which said property is sold or exchanged[.]"

The trial court found as fact that:

"... Hilger, was at all times pertinent —ready, willing and able to buy said equipment and real estate in accordance with the terms of the Agreement to Purchase Real Estate."

 Where the trial court had made specific findings of fact the Court of Appeals will not set aside such findings unless they are clearly erroneous. *Ross v. Tavel* (1981), Ind.App., 418 N.E.2d 297. No issue was raised as to the sufficiency of the evidence to support this trial court's findings, and they have not been shown to be clearly erroneous.

 By affirming the judgment of the trial court with regard to the issues raised by Blue Valley, we are led to the issue of prejudgment interest raised by Realestate.

IC 1971, 24–4.6–1–103(a) provides:

"Date from which interest allowed.—Interest at the rate of eight per cent [8%] per annum shall be allowed: (a) From the date of settlement on money due on any instrument in writing which does not specify a rate of interest and which is not covered by IC 1971, 24–4.5[24–4.5–1–101 —24–4.5–6–203] or this article [24–4.6–1–101—24–4.6–1–202][.]"

The statute is written in mandatory terms. This Court has held that for an award of prejudgment interest, it is only necessary to show that the obligor has breached his contract by failing to pay the appropriate amount due or demanded and that such amount can be ascertained as of a particular time in accordance with fixed rules of evidence and known standards of evaluation. *Indianapolis Machinery Co., Inc. v. Cohen* (1978), Ind.App., 378 N.E.2d 931. The crucial factor in allowing interest is whether the damages were ascertainable. *Urbanational Devel. v. Shamrock Engineering* (1978), Ind.App., 372 N.E.2d 742. Where the terms of the contract make the claim ascertainable and the amount of the claim rests upon mere computation, prejudgment interest computed from the time the principal amount was demanded or due is allowable at the permissible statutory rate. *Ind. Tel. Corp. v. Bell Tel. Co.* (1976), 171 Ind.App. 616, 358 N.E.2d 218.

The listing contract and the agreement to purchase real estate were both writings that set out the amount of the real estate commission, which was $9,000. No rate of interest was provided for. The trial court found that Blue Valley had indeed breached the contract. This is sufficient to satisfy the statutory requirements and those imposed by case law. Realestate is entitled to prejudgment interest from April 3, 1975, the date of its written demand, until May 30, 1980, the date of judgment. The trial court erred by failing to allow it in the award.

Finally, Realestate is requesting this Court to assess damages against Blue Valley pursuant to Ind. Rules of Procedure, Appellate Rule 15(G). The Court of Appeals will only assess such damages against an appellant who in bad faith maintains a wholly frivolous appeal. *Schmal v. Ernst* (1979), Ind.App., 387 N.E.2d 96. The requisite bad faith has not been shown in this instance.

The cause is remanded to the trial court for the inclusion of prejudgment interest in its award. Upon compliance, the judgment shall in all things be affirmed.

GARRARD and STATON, JJ., concur.