Roy Lee WELLS, Appellant
(Respondent below)

v.

Betty L. WELLS, Appellee
(Petitioner below).

No. 2–885A246 [1].

Court of Appeals of Indiana,
First District.

March 11, 1986.

1. Diverted from the Second District by direction of the Chief Judge.

Manuel P. Guerrero, Indianapolis, for appellant.

Robert G. Forbes, Forcum, Forbes & Forcum, Hartford City, for appellee.

ROBERTSON, Presiding Judge.

Respondent-appellant Roy Wells (Roy) appeals from the decision of the trial court dissolving his marriage to petitioner-appellee Betty Wells (Betty), dividing the parties' property, and awarding custody of the minor child.

We affirm.

Roy and Betty were married on April 9, 1977. Their only child, Nicholas, was born on September 25, 1979. In February of 1983, Roy and Betty separated. Betty filed her petition for dissolution on February 14, 1983.

The trial court held a hearing on the petition and entered a decree of dissolution. The decree granted custody of Nicholas to Betty. All real estate was awarded to Roy, and the personal property was divided between the parties. Additionally, Roy was ordered to pay Betty the sum of $5,000 over a period of five years.

Roy alleges three grounds for reversal of the trial court's judgment:

1) the trial court erred in admitting a tape recording of a telephone conversation between Betty and Roy;

2) the trial judge erred by refusing to disqualify himself; and

3) the trial court erred in awarding Betty the sum of $1,000 per year for five years.

Betty counters these allegations with a demand for damages for Roy's prosecution of a frivolous appeal.

ISSUE ONE:

During cross-examination of Roy, Betty's attorney questioned him about statements he allegedly had made to Betty. Roy denied making any such statements. Betty's attorney then requested that Roy listen to a telephone conversation between Roy and Betty that Betty had surreptitiously recorded. Roy maintains that the telephone conversation was obtained in violation of 18 U.S.C. § 2511 (1982) and that it was not introduced for either of the purposes for which illegally obtained oral communications may be admitted.[2] Roy's reliance upon cases involving illegal wiretaps is misplaced. The telephone conversation between Roy and Betty was not recorded illegally.

18 U.S.C. § 2511 imposes a criminal sanction against any person who wilfully intercepts, uses or discloses illegal wiretaps and illegal oral communication interceptions. Section 2515 of the statute is an exclusionary rule relating to such evidence. However, the tape recording in the instant case did not constitute an illegal oral communication interception. Subparagraph (d) of § 2511(2) creates the following exception:

It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire or oral communication where such person is a party to the communication ... unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State or for the purpose of committing any other injurious act.

■ Betty, the person intercepting the telephone conversation, was a party to the communication. Recording the telephone conversation was not unlawful under 18 U.S.C. § 2511. Section 2515 of the statute did not operate to exclude the tape recording.

■ Roy proposes that the taped conversation was inadmissible because its prejudicial effect outweighed its probative value. While relevant evidence may be excluded if its prejudicial impact is found to outweigh its probative value, the task of making such an assessment is assigned to the trial court. *Rust v. Guinn*, (1981) Ind. App., 429 N.E.2d 299, 306. We find no abuse of discretion in the admission of the tape recording.

■ The final allegation of error regarding the tape recording challenges the adequacy of the foundation laid for its admission. Indiana law requires that the admission of a sound recording in a civil case should be preceded by a foundation disclosing that it is authentic and correct, that it does not contain matter otherwise inadmissible, that it is of such clarity as to be intelligible and enlightening to the trier of fact, and that the testimony elicited was freely and voluntarily made without any kind of duress. *Indiana Bell Telephone Co. v. O'Bryan*, (1980) Ind.App., 408 N.E.2d 178, 185. According to Roy, there was a failure to establish the authenticity and accuracy of the recording.

■ Prior to admission of the tape recording into evidence, Betty's attorney elicited the following information from Roy: the telephone conversation was between Betty and Roy; Roy recognized "bits and

---

**2.** Wiretapped telephone conversations obtained in violation of 18 U.S.C. § 2511 are admissible for impeachment purposes. *Jacks v. State*, (1979) 271 Ind. 611, 394 N.E.2d 166. Such conversations are also admissible in marital actions to show that one party was coerced or black-mailed into a court-approved agreement. *In re Marriage of Lopp*, (1978) 268 Ind. 690, 378 N.E.2d 414. Because the instant tape recording was not obtained in violation of 18 U.S.C. § 2511, it was admissible for any relevant purpose.

pieces" of the conversation; and the conversation occurred at 1:30 a.m. on January 30, 1985. Thus there was testimony as to the identity of the parties and testimony that the tape accurately reflected a conversation between Betty and Roy. Such testimony was adequate to establish the authenticity and accuracy of the sound recording.

ISSUE TWO:

For his second issue, Roy complains that the trial judge demonstrated bias and prejudice against him and that a mistrial should have been declared. Because Roy is appealing from a judgment rendered following a bench trial, we perceive the issue to be whether the trial judge should have disqualified himself.

Roy's claim of prejudice is based upon remarks made by the trial judge to counsel after the judge listened to the tape recording of the telephone conversation between Roy and Betty. The judge advised counsel that if the tape recording was admitted into evidence and if Roy was not rehabilitated, the impeachment evidence would indicate that Roy had committed perjury. Subsequently, the trial judge explained to counsel, "[M]y feeling is that if the Court believes that perjury has taken place that counsel should be forewarned of what the Court's position regarding perjury is.... I don't believe that that sort of thing in any way demonstrates any bias or prejudice...."

■ Roy's success on a claim of bias and prejudice depends on his ability to make a plain showing that unfairness and prejudice existed and controlled the result. *Chance v. Chance*, (1980) Ind.App., 400 N.E.2d 1207, 1212. Roy has not made the requisite showing. Our review of the record has not revealed the unreasonable, arbitrary and unconscionable attitude of the judge necessary to justify his disqualification. *See Jackson v. Farmers State Bank*, (1985) Ind.App., 481 N.E.2d 395, 401. The comments attributed to the judge reflect only his concern that witnesses on the stand respect the oath administered to them. *Cf. Yager v. State*, (1982) Ind., 437 N.E.2d 454 (remarks by judge that he was mad and concerned about defendant's threats did not show prejudice but reflected frustrations judge felt in dealing with extremely uncooperative defendant). There was no error in the trial judge's refusal to disqualify himself.

ISSUE THREE:

The third issue presented on appeal challenges the cash award to Betty of $5,000, to be paid in annual installments of $1,000 over a period of five years. Roy argues that the cash award was inappropriate under IND.CODE § 31–1–11.5–11(d) (Supp. 1984). I.C. § 31–1–11.5–11(d) provides:

When the court finds there is little or no marital property, it may award either spouse a money judgment not limited to the property existing at the time of final separation. However, this award may be made only for the financial contribution of one (1) spouse toward tuition, books, and laboratory fees for the higher education of the other spouse.

Roy asserts that he brought the case within the purview of I.C. § 31–1–11.5–11(d) by showing that he and Betty had little or no marital property. He maintains that the trial court was permitted to make a cash award only if Betty provided educational expenses for Roy. Because there was no contribution to the costs of higher education, Roy concludes that there could be no money judgment. Roy's argument fails because I.C. § 31–1–11.5–11(d) is not the sole statutory authorization for a cash award.

Cash payments, possibly in installments, may be made in aid of the property division under IND.CODE § 31–1–11.5–11(b) (Supp. 1984). I.C. § 31–1–11.5–11(b)(2) states:

In an action pursuant to section 3(a) of this chapter, the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and

reasonable manner, by: . . . (2) setting the property or parts of it over to one (1) of the spouses and requiring either spouse to pay such sum, either in gross or in installments, as may be just and proper. . . .

A cash award pursuant to I.C. § 31–1–11.5–11(b)(2) may not exceed the value of the marital assets. *Coster v. Coster,* (1983) Ind.App., 452 N.E.2d 397, 403. Any award over the value of the marital assets must represent some form of maintenance. Absent a showing of physical or mental incapacitation of the spouse, the court has no authority to make such an award. *In re Marriage of McManama,* (1980) 272 Ind. 483, 487, 399 N.E.2d 371, 373.

Roy attempts to show that the cash award to Betty represented impermissible maintenance. He does not argue that the cash award exceeded the value of the marital assets, but instead insists that the cash award exceeded the net worth of the marital estate. A trial court properly considers the parties' debts when it divides property under I.C. § 31–1–11.5–11. *See Waitt v. Waitt,* (1977) 172 Ind.App. 357, 360 N.E.2d 268; *Burkhardt v. Burkhardt,* (1976) 169 Ind.App. 588, 349 N.E.2d 707. However, we find no authority for the position that a cash award constitutes an impermissible form of maintenance if that award exceeds the net value of the marital estate.

The trial court has broad discretion in dividing the marital assets in a dissolution proceeding. This court will examine the trial court's order only for an abuse of that discretion. *Coster v. Coster, supra,* 452 N.E.2d at 404. There was no abuse of discretion.

ISSUE FOUR:

Pursuant to Ind. Rules of Procedure, Appellate Rule 15, Betty seeks to recover damages for Roy's prosecution of a frivolous appeal. The court of appeals will only assess appellate damages against an appellant who in bad faith maintains a wholly frivolous appeal. *Blue Valley Turf*

*Farms v. Realestate Marketing and Development,* (1981) Ind.App., 424 N.E.2d 1088, 1091. Roy's appeal possesses sufficient merit to withstand such an award.

Judgment affirmed.

NEAL, J., concurs.

RATLIFF, J., concurs in result.