Mohammed HAMED, Mohammed Isa and Khalil Awwad, Appellants–Plaintiffs,

v.

Daniel PFEIFER, Appellee–Defendant.

No. 64A03–9402–CV–65.

Court of Appeals of Indiana, Third District.

March 13, 1995.

David S. Stevens, East Chicago, Robert G. Berger, Highland, for appellants.

Larry G. Evans, Lauren K. Kroeger, Hoeppner, Wagner & Evans, Valparaiso, for appellee.

## OPINION

HOFFMAN, Judge.

Appellants-plaintiffs Mohammed Hamed, Mohammed Isa, and Khalil Awwad appeal from a summary judgment in favor of appellee-defendant Daniel Pfeifer in an action for civil remedy for the disclosure or use of an allegedly illegally intercepted conversation pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.*

The facts relevant to this appeal disclose that Hamed and Awwad purchased an insurance policy from General Accident Insurance Company ("General Accident") which insurance covered their grocery store. The store was destroyed by fire in March of 1985. During the course of the official investigation as to the cause of the fire, Inspector Larry Hardy, an arson investigator with the Hammond, Indiana Fire Department, interviewed Hamed, Awwad, and Isa in an investigation room at the fire station. Prior to the interview, Hamed, Awwad, and Isa were advised of their *Miranda* rights. Additionally, they signed a consent to have the conversation tape-recorded. During the interview, the inspector turned off the tape recorder which had been sitting in plain view and left the room. While the inspector was out of the room, Hamed, Awwad, and Isa began talking to each other in Arabic; this conversation was recorded by a second tape recorder which was concealed in a clipboard and was left in the room by Inspector Hardy when he left the room.

On December 12, 1985, Hamed and Awwad filed a suit against General Accident in the Federal District Court, Northern District of Indiana, Hammond Division alleging failure to pay benefits under the insurance policy and bad faith.

Pfeifer, attorney for General Accident, first learned of the existence of the tape recording in 1986, while preparing for trial. After having the second tape recording translated, Pfeifer determined that it supported General Accident's defense that the plaintiffs, as beneficiaries of the insurance policy, had engaged in fraudulent conduct and therefore were not entitled to recover under the policy.

At trial in the federal court proceeding, the plaintiffs submitted an oral motion in limine seeking to prohibit General Accident and Pfeifer from offering the tape recording into evidence. The court denied plaintiffs' motion concluding that Pfeifer could offer the recording into evidence. Following the conclusion of the federal case, Hamed, Awwad, and Isa filed this case against General Accident and Pfeifer contending that the defendants violated 18 U.S.C. § 2510 *et seq.* General Accident settled its portion of the case and by stipulation an order was entered dismissing it. Thereafter, Pfeifer filed a motion for summary judgment which was granted on October 20, 1993. Hamed, Awwad, and Isa now appeal.

■ Consolidated the sole issue presented for review is: whether the trial court erred in granting Pfeifer's motion for summary judgment. The purpose of summary judgment is to terminate litigation for which there can be no factual dispute and which can be determined as a matter of law. *Chambers v. American Trans Air, Inc.* (1991), Ind. App., 577 N.E.2d 612, 614, *trans. denied.* Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law. *State Bd. of Tax Com'rs v. New Energy Co.* (1992), Ind. App., 585 N.E.2d 38, 39, *trans. denied.* Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. Ind.Trial Rule 56(C).

■ The appellants argue that the trial court's grant of summary judgment in favor of Pfeifer is erroneous because Pfeifer's disclosure of the tape recording both to his support staff and to the jury in the federal court was in violation of 18 U.S.C. § 2810 *et seq.* The federal wiretapping statute provides that any person whose oral communication is intercepted, disclosed or intentionally used in violation of the statute may recover civil damages. 18 U.S.C. § 2520(a). The statute further states:

> "(1) Except as otherwise specifically provided in this chapter any person who—
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; or
>
> (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;
>
> shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5)."

18 U.S.C. § 2511(1).

In the present case, there was no evidence presented that Pfeifer had reason to know that the tape recording was obtained through the interception of an oral communication which was in violation of the federal wiretap statute. Hence, Pfeifer cannot now be found in violation of the statute. Pfeifer was not involved in the March 1985 tape recording at the Hammond Fire Department. In fact, Pfeifer was not retained by General Accident until 1986 and did not learn of the existence of the tape recording until he began preparing for trial in 1986. After listening to the recording, Pfeifer determined that the recording supported General Accident's theory of defense [1] that the beneficiaries had engaged in fraud and therefore were not entitled to recover under the insurance policy. There was no designated evidence that prior to the federal court trial Pfeifer had reason to know that disclosing the tape recording possibly could have been considered to be a violation of the federal wiretap statute.

At trial in the federal court proceeding, Hamed and Awwad's attorney submitted an oral motion in limine seeking to prohibit Pfeifer as the attorney for General Accident from offering the tape recording into evidence. Thereafter, the federal court judge denied the motion and ultimately the tape recording was offered and admitted into evidence over Hamed and Awwad's objection. Again there was no designated evidence that Pfeifer intentionally disclosed a communication that was in violation of the federal wiretap statute. In denying the appellants' motion in limine seeking to prohibit the admission of the tape recording into evidence, the federal court judge specifically stated that it was not deciding whether Pfeifer was in violation of the federal wiretap statute by offering the tape recording into evidence. Thus, Pfeifer's offering of the tape recording into evidence was not a knowing disclosure or use of an oral communication in violation of the federal wiretap statute. Under the facts of this case, Pfeifer is not liable for the federal court's ruling regarding the admissibility of the evidence. *Cf.* 18 U.S.C. § 2515 (whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial if disclosure would be in violation of the statute).

Further, in offering the tape recording into evidence, Pfeifer relied in good faith on the

---

1. The fact that the jury in the federal court action ultimately found in favor of Hamed and Awwad, thus rejecting General Accident's theory that Hamed and Awwad perpetrated a fraud, has no bearing on the cause of action in the present case.

federal court's denial of the appellants' motion in limine. The federal court's ruling clearly permitted Pfeifer to use the tape recording at trial in an attempt to prove General Accident's defense, albeit unsuccessful, of fraud. *Cf.* 18 U.S.C. § 2520(d) ("good faith reliance on (1) a court warrant or order ... is a complete defense against any civil or criminal action brought under this chapter or any other law").

 Moreover, participants in a judicial proceeding, including judges, attorneys and witnesses are absolutely immune from liability for their judicial actions. *Briscoe v. La-Hue* (1983), 460 U.S. 325, 334–336, 103 S.Ct. 1108, 1115–1116, 75 L.Ed.2d 96, 107–108; *see also Briggs v. Clinton County Bank and Trust Co.* (1983), Ind.App., 452 N.E.2d 989, 997, *trans. denied* (judges, counsel, parties, and witnesses are absolutely privileged to publish defamatory matter in the course of judicial proceedings with the qualification that the statements must be pertinent and relevant to the case). Whether a statement is protected by a privilege is a question of law for the court unless facts giving rise to the privilege are disputed. *See Powers v. Gastineau* (1991), Ind.App., 568 N.E.2d 1020, 1024 *trans. denied* (qualified privilege); *Boydston v. Chrysler Credit Corp.* (1987), Ind.App., 511 N.E.2d 318, 321 (same).

 In *Briscoe*, a defendant in a criminal action filed an action for damages under 42 U.S.C. § 1983 against a police officer for perjured testimony at the defendant's criminal trial. The United States Supreme Court concluded that 42 U.S.C. § 1983 does not authorize a damages action against private witnesses, judges or prosecutors for the performance of their respective duties in a judicial proceeding. *Id.* 460 U.S. at 334–335, 103 S.Ct. at 1115–1116, 75 L.Ed.2d at 107–108. The Court further recognized that the common law provides absolute immunity for all persons who are integral parts of the judicial process. *Id.; see also Jacobson v. Rose* (9th Cir.1978), 592 F.2d 515, 524, *cert. denied* 442 U.S. 930, 99 S.Ct. 2861, 61 L.Ed.2d 298 (when district attorney acted in administrative rather than judicial manner with respect to an illegal wiretap and did not simply render legal advice to sheriff's office but joined in implementing wiretap, district attorney did not enjoy quasi judicial immunity against damage suit for illegal wiretap).

As Pfeifer points out, as counsel for General Accident he had a responsibility for analyzing, organizing, evaluating and ultimately presenting the evidence which support his client's defense. Further, it is undisputed that Pfeifer offered the tape recording into evidence only after the federal court ruled that it was admissible evidence and could be disclosed to the jury. Pfeifer's conduct with regard to any disclosure or use of the tape recording was within the scope of his litigation related duties and, therefore, as a matter of law, Pfeifer is afforded immunity from liability. Accordingly, the trial court properly granted summary judgment in favor of Pfeifer. The summary judgment of the trial court is affirmed.

Affirmed.

STATON and BAKER, JJ., concur.